SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS, Cal. Bar No. 98875
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone: 415-434-9100
Facsimile: 415-434-3947
email: mahrens@sheppardmullin.com
       ssacks@sheppardmullin.com

Attorneys for OLD T.B.R., INCORPORATED f/k/a THE BILLING RESOURCE, dba INTEGRETEL

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

[SAN JOSE DIVISION]

| | |
|---|---|
| In re<br><br>OLD T.B.R., INCORPORATED, f/k/a THE BILLING RESOURCE, dba INTEGRETEL,<br>Debtor.<br><br>Tax ID: 33-0289863 | Case No. 07-052890<br><br>Chapter 11 |
| OLD T.B.R., INCORPORATED, f/k/a THE BILLING RESOURCE, dba INTEGRETEL,<br><br>Plaintiff,<br><br>v.<br><br>THE BILLING RESOURCE, LLC, a Delaware limited liability company,<br><br>Defendant. | Adv. Proc. No. 09-05074<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, SPECIFIC PERFORMANCE AND BREACH OF CONTRACT** |

Old T.B.R., Incorporated, f/k/a The Billing Resource, dba Integretel, a California corporation, plaintiff herein (the "Debtor"), alleges as follows:

1. This is an adversary proceeding seeking declaratory and injunctive relief pursuant to 28 U.S.C. Sections 1334(b) and (e), 2201 and 2202; 11 U.S.C. §§ 105 and 541; and Fed.R.Bankr.P. 7001(7) and (9).

## THE PARTIES

2. The Debtor is a corporation organized and existing under the laws of the State of California. The Debtor is the debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case of Old T.B.R., Incorporated, No. 07-52890 (the "Bankruptcy Case"), to which this adversary proceeding "relates" pursuant to Federal Rule of Bankruptcy Procedure 7008(a). The Debtor commenced this Bankruptcy Case by filing a voluntary petition under chapter 11 of the United States Code (i.e., the "Bankruptcy Code") on September 16, 2007 (the "Petition Date"). The Bankruptcy Case is pending in the United States Bankruptcy Court for the Northern District of California, San Jose Division.

3. Defendant The Billing Resource, LLC ("New TBR") is a Delaware limited liability company. New TBR purchased the operating assets of the Debtor in a transaction approved by this Court in an order entered on October 16, 2008 ("Sale Order") pursuant to an Asset Purchase Agreement and related agreements. The Sale Order provided that this Court would have exclusive jurisdiction over, *inter alia*, actions relating to the sale or its implementation. As part of the sale, New TBR and the Debtor's subsidiary, PaymentOne Corporation ("PaymentOne") entered into the PaymentOne Shared and Support Services Agreement ("SSSA") which provides that any dispute arising under or related to this agreement in which the Debtor is a party shall be brought in the Bankruptcy Court. Also as part of the Sale, New TBR and the Debtor entered into a Master Services Agreement ("MSA"), which also provides that any dispute arising in connection with the agreement shall be brought exclusively in the Bankruptcy Court.

## JURISDICTION AND VENUE

4. This adversary proceeding arises under title 11, or arises in or is related to the Bankruptcy Case, within the meaning of 28 U.S.C. Section 1334(b). This Court therefore has

-1-

W02-WEST:5SS1\402128878.2 FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF...

Case: 09-05074 Doc# 19 Filed: 08/31/09 Entered: 08/31/09 14:00:38 Page 2 of 9

jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157(a), 157(b), 1334(b) and 1334(e) and Rule 5011-1 of the Bankruptcy Local Rules of the United States District Court for the Northern District of California.

5. This Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202.

6. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. Sections 157(b)(2)(A), (N) and (O).

7. Venue is proper in this district pursuant to 28 U.S.C. Section 1409(a).

8. New TBR is subject to the jurisdiction of this Court.

## GENERAL FACTUAL ALLEGATIONS

9. On October 31, 2008, the Debtor closed the sale of its operating assets to New TBR under the Asset Purchase Agreement and related agreements. As part of this sale, New TBR and the Debtor agreed that an existing agreement between the Debtor and PaymentOne Corporation ("PaymentOne"), the Agreement for Data Processing Services dated as of March 1, 2006 (the "Data Processing Agreement"), would be assigned by the Debtor to New TBR and assumed by New TBR. PaymentOne and New TBR also entered into their own agreement as of the time of the operating assets sale, the SSSA, which modified certain provisions of the Data Processing Agreement. The Data Processing Agreement provides for New TBR to obtain specified inquiry services from PaymentOne so that New TBR could fulfill obligations it had to its customers, including that PaymentOne would furnish toll-free telephone lines ("800 Numbers") for this purpose, and that New TBR would pay specified charges for those services.

10. PaymentOne has performed the services required of it under the Data Processing Agreement, including by providing the 800 Numbers needed for New TBR customers to obtain inquiry services. New TBR has now asserted that the 800 Numbers provided under the Data Processing Agreement by PaymentOne in fact belonged to the Debtor and should have been transferred to New TBR as part of the sale of the operating assets. The Debtor and PaymentOne dispute this contention and contend that New TBR's only rights to the 800 Numbers arise from the contracted services provided to New TBR under the Data Processing Agreement.

-2-

W02-WEST:5SS1\402128878.2    FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF...

Case: 09-05074    Doc# 19    Filed: 08/31/09    Entered: 08/31/09 14:00:38    Page 3 of 9

11.     Under the MSA that was also entered into in connection with the sale of Old TBR's operating assets, New TBR undertook obligations to receive money for the benefit of Old TBR and its customers, and to provide "PhoneBill Services" pursuant to the provisions of Schedule II of the MSA.

12.     As part of the PhoneBill Services provided by New TBR, New TBR is required to process amounts charged back by the LECs against the monies previously received by New TBR for the billing transactions submitted to the LECs.  In the ordinary course, customers receive funds on account of their billing transactions, but then have future receipts reduced by the amount of these chargebacks.  Under the MSA, the Debtor and New TBR agreed that New TBR would withhold the chargebacks from amounts otherwise paid to the Debtor's customers.  They further agreed that if the calculation of proceeds less chargebacks for an individual customer resulted in a negative amount, then the Debtor would be responsible for paying an invoice for this amount submitted by New TBR.

13.     The Debtor is informed and believes and thereon alleges that New TBR has failed to reduce the monies otherwise payable to the Debtor's customers by the chargeback amounts withheld by the LECs.  Instead, New TBR asserts that all of the chargeback amounts are payable by the Debtor and that the Debtor itself must seek recourse against its former customers to the extent that it does not have sufficient reserves from the customers.  New TBR has sent invoices to the Debtor in amounts totaling in excess of $2.8 million on account of these chargebacks and threatened to commence litigation to collect on the invoices.

14.     In order to determine the amount of any of its obligations to New TBR, representatives of the Debtor's estate have requested pursuant to applicable provisions of the MSA that New TBR furnish the information they believe necessary to review the accuracy of the invoices and New TBR's compliance with the provisions of the MSA.  New TBR has failed to comply fully with these requests but has continued to assert that it has unpaid administrative claims against the Debtor's estate.

Case: 09-05074    Doc# 19    Filed: 08/31/09    Entered: 08/31/09 14:00:38    Page 4 of 9

# FIRST CLAIM FOR RELIEF

**(Declaratory Relief Pursuant To 28 U.S.C. Sections 2201 and 2202; 11 U.S.C. Section 105; Rules 7001(7) and (9) of the Federal Rules of Bankruptcy Procedure)**

15. The Debtor repeats the allegations set forth in Paragraphs 1 through 14 as if fully set forth herein.

16. This is a claim for declaratory relief brought under the provisions of 28 U.S.C. Sections 2201 and 2202; 11 U.S.C. Section 105; and Rules 7001(7) & (9) of the Federal Rules of Bankruptcy Procedure.

17. An actual controversy has arisen and now exists between the Debtor and New TBR relating to their legal rights and duties for which the Debtor seeks a judicial declaration of rights as to such matters, as well as further necessary or proper relief, including injunctive relief.

18. A declaratory judgment is necessary and appropriate at this time in that the Debtor contends and New TBR denies that: (a) the Debtor fully complied with the provisions of the Asset Purchase Agreement and related agreements for the sale of the operating assets with regard to transferring all of the included assets to New TBR and that the Debtor had no obligation to transfer any 800 Numbers to New TBR; (b) New TBR has not complied with the MSA's provisions with regard to chargebacks and has improperly billed the estate for amounts that should have been charged back to the Debtor's customers; (c) New TBR has not complied with its obligations under the MSA to provide information and reports to the representatives of the Debtor's estate upon their request; and (d) the Debtor does not owe the amounts invoiced to it by New TBR.

19. The Debtor desires a judicial determination of the respective rights and duties of the Debtor and New TBR with respect to their obligations and rights under the Asset Purchase Agreement and the MSA.

20. A judicial determination of the Debtor's and New TBR's respective obligations and rights under the Asset Purchase Agreement and the MSA is necessary and appropriate at this time so that the parties may resolve their disputes and so that they can best mitigate their damages and comply with the agreements.

-4-

W02-WEST:5SS1\402128878.2 FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF...

Case: 09-05074 Doc# 19 Filed: 08/31/09 Entered: 08/31/09 14:00:38 Page 5 of 9

WHEREFORE, the Debtor prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

### (Specific Performance)

21. The Debtor repeats the allegations set forth in Paragraphs 1 through 14 as if fully set forth herein.

22. New TBR breached the MSA by failing to comply with its obligations to (a) offset chargebacks against the customers to whom the chargebacks are related; (b) only invoice the Debtor for chargebacks in the event that a customer did not have sufficient proceeds of billing transactions from which to make an offset; and (c) provide the representatives of the Debtor's estate with full and complete information and reports so as to allow them to determine the correct amount of any obligations owed by the Debtor's estate to New TBR. Although demand has been made by the Debtor, New TBR refused (and continues to refuse) to perform, or provide assurances that it will perform, its obligations under the MSA.

23. The Debtor has fulfilled all of its obligations under the MSA, except those excused or rendered impractical or impossible by New TBR's breaches described above.

24. Enforcing the MSA against New TBR is just and reasonable.

25. By reason of New TBR's breaches, the Debtor is entitled to a judicial decree compelling New TBR (1) to offset any chargebacks against the customers to whom the chargebacks relate, (2) only invoice the Debtor in the event that a customer did not have sufficient proceeds of billing transactions from which to make an offset; and (c) provide the representatives of the Debtor's estate with full and complete information and reports so as to allow them to determine the correct amount of any obligations owed by the Debtor's estate to New TBR.

26. Pursuant to the terms of the MSA, the Debtor is entitled to recover its reasonable attorneys' fees and expenses incurred in the event of New TBR's breach or to enforce the terms of the MSA. As a result of New TBR's breaches, it has become necessary for the Debtor to employ attorneys to commence and prosecute this action to compel performance of the MSA. The Debtor is entitled to recover from New TBR reasonable attorneys' fees and costs in this action.

WHEREFORE, the Debtor prays for relief as set forth below.

-5-

W02-WEST:5SS1\402128878.2    FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF. . .

Case: 09-05074    Doc# 19    Filed: 08/31/09    Entered: 08/31/09 14:00:38    Page 6 of 9

# THIRD CLAIM FOR RELIEF

## (Breach of Contract and Implied Covenant of Good Faith and Fair Dealing)

27. The Debtor repeats the allegations set forth in Paragraphs 1 through 14 as if fully set forth herein.

28. New TBR breached the MSA by failing to comply with its obligations to (a) offset chargebacks against the customers to whom the chargebacks are related; (b) only invoice the Debtor for chargebacks in the event that a customer did not have sufficient proceeds of billing transactions from which to make an offset; and (c) provide the representatives of the Debtor's estate with full and complete information and reports so as to allow them to determine the correct amount of any obligations owed by the Debtor's estate to New TBR. Although demand has been made by the Debtor, New TBR refused (and continues to refuse) to perform, or provide assurances that it will perform, its obligations under the MSA.

29. The Asset Purchase Agreement and the MSA each contain as a matter of law an implied covenant that New TBR would act in good faith and provide the Debtor with the benefits of these agreements and not assert that New TBR was entitled to transfers of property or payments that it was not entitled to and that New TBR would provide necessary cooperation, assistance and documentation to satisfy New TBR's obligations under the MSA and permit the Debtor to review that performance so that the Debtor could perform and reap the benefits under the MSA. The implied covenant also requires that New TBR not act in such a way so as to deprive the Debtor of the benefits of the Asset Purchase Agreement and the MSA, including all the services agreed to in the MSA.

30. As alleged above, New TBR breached the implied covenant of good faith by failing to deal with the Debtor in a fair and reasonable manner. Instead of adhering to such implied covenant, New TBR asserted ownership of 800 Numbers based on the Asset Purchase Agreement, failed to properly perform services under the MSA and did not provide necessary information and reports to enable the representatives of the Debtor's estate to review and audit New TBR's performance. Such conduct was undertaken by New TBR as part of an effort to extract benefits under the agreements to which New TBR was not entitled.

-6-

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF...

Case: 09-05074    Doc# 19    Filed: 08/31/09    Entered: 08/31/09 14:00:38    Page 7 of 9

1    31.    The Debtor has fulfilled all of its obligations under the MSA, except those excused or rendered impractical or impossible by New TBR's breaches described above.

32.    The Debtor has been damaged by New TBR's breaches of the MSA by among other things, losing the ability to offset chargebacks against customers because of New TBR's failure to make these offsets at the time of processing, incurring the expense of seeking recourse against customers for whom chargebacks have been made and not offset, and having to waste resources in attempting to review New TBR's performance of the MSA because New TBR failed to provide the requested information and reports.

33.    By reason of New TBR's breaches, the Debtor is entitled to damages in an amount to be proven at trial, including without limitation its costs of determining whether New TBR properly performed the agreement, the delay in receiving the benefits promised under the MSA. Pursuant to the terms of the MSA and the Asset Purchase Agreement, the Debtor is also entitled to recover reasonable attorneys' fees and expenses incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, the Debtor prays for relief as follows:

1.    For the FIRST CLAIM FOR RELIEF that the Court declare that (a) the Debtor fully complied with the provisions of the Asset Purchase Agreement and related agreements for the sale of the operating assets with regard to transferring all of the included assets to New TBR and that the Debtor had no obligation to transfer any 800 Numbers to New TBR; (b) New TBR has not complied with the MSA's provisions with regard to chargebacks and has improperly billed the estate for amounts that should have been charged back to the Debtor's customers; (c) New TBR has not complied with its obligations under the MSA to provide information and reports to the representatives of the Debtor's estate upon their request; and (d) the Debtor does not owe the amounts invoiced to it by New TBR.

2.    For the SECOND CLAIM FOR RELIEF that the Court enter a judicial decree compelling New TBR (1) to offset any chargebacks against the customers to whom the chargebacks relate, (2) only invoice the Debtor in the event that a customer did not have sufficient proceeds of billing transactions from which to make an offset; and (c) provide the

-7-

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF...

representatives of the Debtor's estate with full and complete information and reports so as to allow them to determine the correct amount of any obligations owed by the Debtor's estate to New TBR.

    3. For the THIRD CLAIM FOR RELIEF that the Court award damages according to proof.

    4. On all claims for relief, for costs of suit incurred herein and reasonable attorneys fees; and

    5. That the Court grant such other and further relief as the Court deems just and proper under the circumstances.

Dated: August 31, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    /s/ Steven B. Sacks
MICHAEL H. AHRENS
STEVEN B. SACKS
Attorneys for Plaintiff and Debtor Old T.B.R., Incorporated