STROOCK & STROOCK & LAVAN LLP
STEPHEN J. NEWMAN (State Bar No. 181570)
ALAN Z. YUDKOWSKY (State Bar No. 194994)
LUCAS A. MESSENGER (State Bar No. 217645)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: lacalendar@stroock.com

DIEMER, WHITMAN & CARDOSI, LLP
KATHRYN S. DIEMER (State Bar No. 133977)
JOHN P. CARDOSI (State Bar No. 111381)
75 East Santa Clara Street, Suite 290
San Jose, CA 95113
Telephone: 408-971-6270
Facsimile: 408-971-6271

Attorneys for Defendant
  The Billing Resource, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>OLD T.B.R., INCORPORATED, f/k/a THE BILLING RESOURCE, INC., dba INTEGRETEL,<br><br>Debtor.<br><br>_____<br><br>OLD T.B.R. INCORPORATED, f/k/a THE BILLING RESOURCE, dba INTEGRETEL,<br><br>Plaintiff,<br><br>v.<br><br>THE BILLING RESOURCE, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 07-52890 ASW<br><br>Chapter 11<br><br>Adv. Pro. No. 09-05074<br><br>**ANSWER AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, SPECIFIC PERFORMANCE AND BREACH OF CONTRACT**<br><br>Judge: Hon. Arthur S. Weissbrodt<br>Ctrm: 3020 |

| | |
|---|---|
| THE BILLING RESOURCE, LLC, a Delaware limited liability company, | )<br>)<br>) |
| Counterclaimant, | ) |
| vs. | )<br>) |
| OLD T.B.R. INCORPORATED, f/k/a THE BILLING RESOURCE, dba INTEGRETEL, | )<br>)<br>) |
| Counterdefendant. | )<br>) |

Defendant The Billing Resource, LLC ("New TBR") hereby responds to the First Amended Complaint for Declaratory Relief, Specific Performance, and Breach of Contract (the "Complaint") filed by Old T.B.R. Incorporated, f/k/a The Billing Resource, dba Integretel (the "Debtor") and answers as follows:

1. Answering Paragraph 1 of the Complaint, New TBR admits, that by this Complaint, the Debtor purports to bring an adversary proceeding seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 1334(b), 1134(e), 2201, and 2202; 11 U.S.C. §§ 105 and 541; and Federal Rules of Bankruptcy Procedure 7001(7) and (9).

### The Parties

2. Answering Paragraph 2 of the Complaint, New TBR admits the allegations set forth therein.

3. Answering Paragraph 3 of the Complaint, New TBR denies the allegations set forth therein.

### Jurisdiction and Venue

4. Answering Paragraph 4 of the Complaint, New TBR admits the allegations set forth therein.

5. Answering Paragraph 5 of the Complaint, New TBR admits the allegations set forth therein.

6. Answering Paragraph 6 of the Complaint, New TBR admits the allegations set forth therein.

7. Answering Paragraph 7 of the Complaint, New TBR admits the allegations set forth therein.

8. Answering Paragraph 8 of the Complaint, New TBR admits the allegations set forth therein.

### General Factual Allegations

9. Answering Paragraph 9 of the Complaint, New TBR admits that it purchased the Debtor's operating assets pursuant to the Asset Purchase Agreement ("APA") and related agreements in a sale that closed on October 31, 2008. New TBR further admits that the Agreement for

Data Processing Services dated as of March 1, 2006 ("DPA") between the Debtor and PaymentOne Corporation ("PaymentOne") was assigned to New TBR and then assumed by New TBR. New TBR further admits that, subsequently, PaymentOne and New TBR entered into a separate support and services agreement (the "SSSA") that amended certain provisions of the DPA. Except as expressly admitted, New TBR denies each and every other allegation set forth therein.

10. Answering Paragraph 10 of the Complaint, New TBR admits that it contends that PaymentOne has failed to transfer toll-free telephone lines (the "800 Numbers") to New TBR as required by the APA and related agreements. New TBR further admits that the Debtor and PaymentOne contend that New TBR is not entitled to ownership of the 800 Numbers. Except as expressly admitted, New TBR denies each and every other allegation set forth therein.

11. Answering Paragraph 11 of the Complaint, New TBR admits that, in connection with the APA, it entered into a Master Services Agreement ("MSA") with the Debtor, and that it agreed to provide the Debtor with "PhoneBill Services" pursuant to the provisions of Schedule II of the MSA. Except as expressly admitted, New TBR denies each and every other allegation set forth therein.

12. Answering Paragraph 12 of the Complaint, New TBR admits that if the calculation of Net Proceeds, as that term is defined in Schedule II of the MSA, resulted in a negative amount, then the Debtor would be obligated to pay an invoice for such amount submitted by New TBR. Except as expressly admitted, New TBR denies each and every other allegation set forth therein.

13. Answering Paragraph 13 of the Complaint, New TBR denies the allegations set forth therein.

14. Answering Paragraph 14 of the Complaint, New TBR denies the allegations set forth therein.

### First Claim for Relief

**(Declaratory Relief)**

15. Answering Paragraph 15 of the Complaint, New TBR repeats and restates its responses to each and every allegation contained in Paragraphs 1-14 as though fully set forth herein.

16. Answering Paragraph 16 of the Complaint, New TBR admits that the Debtor purports to bring a claim for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, 11 U.S.C. § 105, and Federal Rules of Bankruptcy Procedure 7001(7) and 7001(9).

17. Answering Paragraph 17 of the Complaint, New TBR admits that an actual controversy has arisen between the Debtor and New TBR relating to their legal rights and duties, and that the Debtor purports to seek a judicial declaration of rights, as well as further relief, including injunctive relief. Except as expressly admitted, New TBR denies each and every other allegation set forth therein.

18. Answering Paragraph 18 of the Complaint, New TBR denies the allegations set forth therein.

19. Answering Paragraph 19 of the Complaint, New TBR admits that the Debtor purports to seek a judicial determination of the respective rights of the Debtor and New TBR under the APA and MSA. Except as expressly admitted, New TBR denies each and every other allegation set forth therein.

20. Answering Paragraph 20 of the Complaint, New TBR admits that the Debtor alleges that a judicial determination of the Debtor's and New TBR's obligations and rights under the APA and MSA is necessary and appropriate at this time so as to resolve the disputes between the parties. Except as expressly admitted, New TBR denies each and every other allegation set forth therein.

**Second Claim for Relief**

**(Specific Performance)**

21. Answering Paragraph 21 of the Complaint, New TBR repeats and restates its responses to each and every allegation contained in Paragraphs 1-14 as though fully set forth herein.

22. Answering Paragraph 22 of the Complaint, New TBR denies the allegations set forth therein.

23. Answering Paragraph 23 of the Complaint, New TBR denies the allegations set forth therein.

24. Answering Paragraph 24 of the Complaint, New TBR denies the allegations set forth therein.

25. Answering Paragraph 25 of the Complaint, New TBR denies the allegations set forth therein.

26. Answering Paragraph 26 of the Complaint, New TBR denies the allegations set forth therein.

### Third Claim for Relief

### (Breach of Contract and Implied Covenant of Good Faith and Fair Dealing)

27. Answering Paragraph 27 of the Complaint, New TBR repeats and restates its responses to each and every allegation contained in Paragraphs 1-14 as though fully set forth herein.

28. Answering Paragraph 28 of the Complaint, New TBR denies the allegations set forth therein.

29. Answering Paragraph 29 of the Complaint, New TBR denies the allegations set forth therein.

30. Answering Paragraph 30 of the Complaint, New TBR denies the allegations set forth therein.

31. Answering Paragraph 31 of the Complaint, New TBR denies the allegations set forth therein.

32. Answering Paragraph 32 of the Complaint, New TBR denies the allegations set forth therein.

33. Answering Paragraph 33 of the Complaint, New TBR denies the allegations set forth therein.

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

### (To All Claims)

34. The Complaint, and each purported claim for relief alleged therein, fail to state a claim against New TBR.

- 4 -

ANSWER TO FIRST AMENDED COMPLAINT – Case No. 07-52890 ASW

LA 51185603

Case: 09-05074    Doc# 24    Filed: 09/30/09    Entered: 09/30/09 16:55:22    Page 6 of 14

## SECOND AFFIRMATIVE DEFENSE

### Laches

### (To All Claims)

35. The Debtor's claims for relief are barred, in whole or part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### Estoppel

### (To All Claims)

36. The Debtor's claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

### (To All Claims)

37. Although New TBR denies that the Debtor has suffered any harm, to the extent that the Debtor has suffered any harm, the Debtor has failed to mitigate that harm.

## FIFTH AFFIRMATIVE DEFENSE

### Ratification

### (To All Claims)

38. The Complaint is barred, in whole or in part, by the conduct, actions and/or inactions of the Debtor under the doctrine of ratification.

## SIXTH AFFIRMATIVE DEFENSE

### Adequate Remedies at Law

### (TO ALL CLAIMS)

39. The Debtor's prayer for equitable relief in the Complaint is barred because the Debtor has adequate remedies at law.

## SEVENTH AFFIRMATIVE DEFENSE

### Waiver

### (TO ALL CLAIMS)

40. The Complaint, and each purported claim for relief alleged therein, is barred by the conduct, actions and/or inactions of the Debtor, which amounts to and constitutes a waiver of any right or rights that the Debtor may or might have in relation to the matters alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### UNCLEAN HANDS

### (TO ALL CLAIMS)

41. The Complaint, and each purported claim for relief alleged therein, is barred, in whole or in part, on the grounds that the Debtor may obtain no relief under the Complaint by reason of the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### Reservation Of Rights

### (TO ALL CLAIMS)

42. New TBR expressly reserve the right to assert such other and further affirmative defenses as may be appropriate.

## COUNTERCLAIMS OF NEW TBR AGAINST THE DEBTOR

Defendant and Counterclaimant New TBR hereby counterclaims against the Debtor and alleges as follows:

43. These are counterclaims against the Debtor filed in an adversary proceeding arising under chapter 11 of the Bankruptcy Code and relating to <u>In re Old T.B.R., Inc. f/k/a The Billing Resource, dba Integretel</u>, Case No. 07-52890-ASW, in the United States Bankruptcy Court for the Northern District of California, San Jose Division.

### JURISDICTION AND VENUE

44. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.

45. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(l), (b)(2)(M).

46. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1408, 1409.

47. As set forth in the Court's October 16, 2008 order approving the sale of the Debtor's operating assets to New TBR and the MSA, the Debtor and New TBR have agreed that all disputes related thereto are subject to resolution before this Court.

### FACTUAL ALLEGATIONS

48. New TBR is engaged in the business of providing validation, billing, collecting, and related services in the telecommunications industry.

49. On June 11, 2008, New TBR purchased the operating assets of the Debtor at a sale pursuant to a motion brought by the Debtor, and approved by this Court, authorizing the sale of certain assets of the bankruptcy estate free and clear of all liens, claims and encumbrances and further authorizing the sale, assumption and assignment of certain executory contracts and unexpired leases under Section 363 of the Bankruptcy Code (the "Transaction").

50. After extensive negotiations, New TBR and the Debtor closed the Transaction on October 31, 2008. As part of the Transaction, New TBR obtained the Debtor's operating assets and entered into a series of related agreements, including the APA and MSA. The APA sets forth the assets purchased by New TBR. The assets identified in the APA and MSA specifically in-

- 7 -

ANSWER TO FIRST AMENDED COMPLAINT – Case No. 07-52890 ASW

Case: 09-05074    Doc# 24    Filed: 09/30/09    Entered: 09/30/09 16:55:22    Page 9 of 14

cluded the Debtor's CICs and Local Exchange Carrier ("LEC") agreements. The APA and MSA specifically included the transfer of the Debtor's bill pages. The bill pages include the toll free telephone numbers required by the LECs to provide customer and inquiry services (the "800 Numbers").

51. According to the terms of the MSA, New TBR is to provide the Debtor with certain "PhoneBill Services," in exchange for which New TBR is entitled to withhold certain fees from disbursements made to the Debtor. If, in the course of performing these services, the funds that New TBR collects are insufficient to offset payment of these fees (as determined by calculation of Net Proceeds as that term in defined in Schedule II of the MSA), New TBR may invoice the Debtor for the fees owed. Such invoices are due and payable within five business days after receipt by the Debtor. New TBR is entitled to interest on amounts more than thirty days past due. The interest rate for overdue payments is 10% per annum, or the maximum rate allowable by law, whichever is less. No provision of the MSA allows the Debtor to withhold payment of these invoices.

52. The Debtor is required to reimburse New TBR for the invoiced amounts from the Disbursement Reserve created pursuant to Section 7.3 of the APA. If the Disbursement Reserve has insufficient funds to pay the invoices, New TBR is to be paid from the Debtor's other funds.

53. Since February 2009, in the course of providing the PhoneBill Services to the Debtor, New TBR has been unable to offset all of its fees. As provided for in the MSA, New TBR properly has submitted numerous invoices to the Debtor for its fees, which are due and owing. The Debtor's failure to pay the funds, which are clearly due and owing, is intentional and a breach of the terms of the MSA. The Debtor has further breached the MSA by demanding an invasive audit of New TBR's records that significantly exceeds its audit rights under the MSA.

54. The APA required the Debtor to transfer its LEC agreements, and all items related to the bill pages thereunder, to New TBR.

55. The LEC agreements require the carrier to maintain the 800 Numbers to provide customer and inquiry services.

56. The bill pages specifically include the original toll free telephone numbers established by Debtor at the time it entered into the LEC clearing house business more than fifteen years ago, and more recent supplemental toll free telephone numbers.

57. Except for the supplemental toll free telephone numbers, the Debtor has maintained the same original toll free telephone numbers to provide customer and inquiry services for the last eighteen years—the 800 Numbers. The 800 Numbers are printed on every page of the end user customer's bill so that he/she knows which numbers to call with billing questions.

58. In order to answer end user customer questions, LECs direct calls towards the 800 Numbers. To provide adequate personnel to answer those inquiries, the Debtor has utilized a number of business models over the years. Initially, the Debtor provided its own customer service bureau. More recently, the Debtor outsourced the customer service function to third party customer service providers. Although the Debtor outsourced the function, the Debtor maintained the same 800 Numbers throughout its existence and operation. The Debtor simply transferred the 800 Numbers to the appropriate customer service bureau as needed. Such transfers are common in the telecommunications industry and other industries which maintain customer service bureaus The practice is referred to as resporging.

59. Despite New TBR's repeated requests to the Debtor to allow the resporging/transfer of the 800 Numbers to take place, the Debtor has failed to do so. In failing to take the necessary actions to effectuate the terms of the APA, the Debtor has violated the APA and has prevented New TBR from making effective use of its purchase of the Debtor's operating assets. The Debtor has also damaged New TBR by increasing New TBR's costs and expenses.

## FIRST COUNTERCLAIM FOR RELIEF

### (Breach of Contract)

60. New TBR refers to Paragraphs 43 through 59, inclusive, and reallege the same herein by incorporation.

61. New TBR and the Debtor entered into the MSA—a contract for services.

62. Pursuant to the MSA, New TBR is permitted to offset and withhold its fees from funds collected and disbursed to the Debtor for its PhoneBill Services. If the funds collected are insufficient to pay its fees, New TBR is entitled to invoice the Debtor for the deficiency. If New TBR invoices the Debtor, the Debtor is required to pay the amounts invoiced within five business days.

63. New TBR has submitted invoices to the Debtor in compliance with all conditions of the MSA.

64. The Debtor has failed to pay any of the invoiced amounts. It has been more than five business days since the invoices were submitted to the Debtor.

65. The Debtor, therefore, has breached the MSA.

66. New TBR was damaged by the Debtor's breach of the contract.

## SECOND COUNTERCLAIM FOR RELIEF

### (Open Book Account)

67. New TBR refers to Paragraphs 43 through 59, inclusive, and realleges the same herein by incorporation.

68. New TBR and the Debtor engaged in financial transactions pursuant to the APA and the MSA.

69. New TBR kept an account of the debits and credits involved in those transactions.

70. New TBR has invoiced the Debtor accordingly.

71. The Debtor owes to New TBR the amounts invoiced on the account plus interest.

## THIRD COUNTERCLAIM FOR RELIEF

### (Goods and Services Rendered)

72. New TBR refers to Paragraphs 43 through 59, inclusive, and realleges the same herein by incorporation.

73. As set forth in the MSA, the Debtor requested that New TBR provide PhoneBill Services, as defined in the MSA, to the Debtor.

74. New TBR has provided these PhoneBill Services and has invoiced the Debtor as necessary.

75. The Debtor has refused to pay the invoices as they came due.

76. The Debtor owes the amounts invoiced plus interest to New TBR.

## FOURTH COUNTERCLAIM FOR RELIEF

### (Declaratory Relief)

77. New TBR refers to Paragraphs 43 through 59, inclusive, and realleges the same herein by incorporation.

78. This is a claim for declaratory relief brought under the provisions of 28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 105; and Bankruptcy Rules 7001(7) and (9).

79. An actual controversy has arisen and now exists between New TBR and the Debtor relating to the obligations of the Debtor under the APA and related agreements to pay funds due and owing to New TBR, and to transfer the 800 Numbers to New TBR.

80. A declaratory judgment is necessary and appropriate at this time in that, upon information and belief, the Debtor's dilatory behavior in failing to pay the amounts due and owing and to transfer the 800 Numbers is specifically intended to interfere with New TBR's business operations.

81. New TBR desires a judicial determination of the respective rights, obligations, and duties of New TBR and the Debtor under the APA and the MSA.

82. A judicial determination of New TBR's and the Debtor's respective rights, obligations, and duties under the APA and MSA is necessary an appropriate at this time so that New TBR and the Debtor may resolve their disputes and mitigate their damages.

WHEREFORE, New TBR prays for relief as follows:

1. That the Debtor takes nothing by the Complaint;

2. That the Complaint be dismissed with prejudice;

3. That judgment be entered in favor of New TBR;

4. That, as to the First, Second and Third Counterclaim for Relief, the Court award damages according to proof;

5. That, as to the Fourth Claim for Relief, that the Court declare that: (1) New TBR has complied with its obligations under the MSA and properly invoiced the Debtor after a negative calculation of Net Proceeds as that term is defined in the MSA; (2) the Debtor has breached its obligation under the MSA by failing to pay those invoices; (3) the Debtor was obligated to transfer the 800 Numbers to New TBR; and (4) the Debtor breached the APA by failing to do so;

6. For interest at the highest amount allowed by law;

7. That New TBR recover its attorneys' fees, expenses and costs herein; and

8. For such other and further relief as the Court deems just and proper.

Dated: September 30, 2009

STROOCK & STROOCK & LAVAN LLP
STEPHEN J. NEWMAN
ALAN Z. YUDKOWSKY
LUCAS A. MESSENGER

By: /s/ Alan Z. Yudkowsky
Alan Z. Yudkowsky
Attorneys for Defendant
The Billing Resource, LLC


DIEMER, WHITMAN & CARDOSI, LLP
KATHRYN S. DIEMER
JOHN P. CARDOSI
By: /s/Kathryn S. Diemer
Attorneys for Defendant
The Billing Resource, LLC