John D. Fiero (CA Bar No. 136557)
Gail S. Greenwood (CA Bar No. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
Email:  jfiero@pszjlaw.com
        ggreenwood@pszjlaw.com

Attorneys for Kerry Krisher, Liquidating Trustee
as successor to the Plaintiff

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>OLD T.B.R., INCORPORATED, f/k/a THE BILLING RESOURCE, dba INTEGRETEL,<br><br>Debtor. | Case No.: 07-52890 ASW<br><br>Chapter 11 |
| OLD T.B.R., INCORPORATED, f/k/a THE BILLING RESOURCE, dba INTEGRETEL,<br><br>Plaintiff,<br><br>v.<br><br>THE BILLING RESOURCE, LLC, a Delaware limited liability company,<br><br>Defendant. | Adv. Pro. No. 09-05074<br><br>**AMENDED NOTICE OF HEARING ON PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION THAT PLAINTIFF IS NOT LIABLE FOR AMOUNTS ATTRIBUTABLE TO THE "910 ACCOUNT"**<br><br>Date: May 27, 2010<br>Time: 2:15 p.m.<br>Place: United States Bankruptcy Court<br>       280 South First Street<br>       San Jose, CA<br>Judge: Hon. Arthur S. Weissbrodt<br>**Ctrm: 3020** |

**TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND THE BILLING RESOURCE, LLC:**

**PLEASE TAKE NOTICE** that on May 27, 2010 at 2:15 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Arthur S. Weissbrodt, United States Bankruptcy Court, 280 South First Street, San Jose, California, Kerry Krisher, Liquidating Trustee

1

("Plaintiff") and successor to the rights and claims of the above-referenced debtor (the "Debtor" or "Seller") will move (the "Motion") for summary adjudication against The Billing Resource, LLC ("Purchaser") that Plaintiff is not liable for approximately $1.3 million that has been billed to the estate as adjustments to the "910 Account". As a matter of law, the Seller's assets were sold on an "as-is" basis and without warranty. Because the Asset Purchase Agreement between the Seller and Purchaser is unequivocal in casting the sale as an "as-is-where-is" transaction, Purchaser cannot retroactively bill the estate for adjustments to a general ledger account and summary adjudication should be granted.

Plaintiff's Motion is supported by the accompanying Memorandum of Points and Authorities, the Declarations of Kerry Krisher and Gail Greenwood and exhibits thereto, this Notice, and any other pleadings and evidence before the Court at the hearing.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Bankruptcy Rule 7056(c), any opposition must be filed with the Court and served upon the undersigned **within 21 days** after the Motion is served. Pursuant to Bankruptcy Rule 7056(e), a party opposing summary adjudication may not rely merely on allegations or denials in its own pleadings, and its response must –by affidavits or as otherwise provided under the Bankruptcy Rules- set out specific facts showing a genuine issue for trial.

Dated: April 19, 2010        PACHULSKI STANG ZIEHL & JONES LLP

By      */s/ Gail S. Greenwood*
      John D. Fiero
      Gail S. Greenwood
      Attorneys for Plaintiff Kerry Krisher,
      Liquidating Trustee