Entered on Docket
July 05, 2012
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
JUN 29 2012
CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re OLD T.B.R., INCORPORATED, f/k/a/ THE BILLING RESOURCE, dba INTEGRETEL,<br><br>Debtor. | Case No. 07-52890 ASW<br><br>Chapter 11 |
| OLD T.B.R., INCORPORATED, f/k/a/ THE BILLING RESOURCE, dba INTEGRETEL,<br><br>Plaintiff,<br><br>vs.<br><br>THE BILLING RESOURCE, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Adversary No. 09-5074<br><br><br><br>**MEMORANDUM DECISION AND ORDER ON THE LIQUIDATING TRUSTEE'S OBJECTION AND MOTION TO EXCLUDE WITNESSES** |
| THE BILLING RESOURCE, LLC, a Delaware Limited Liability Compnay,<br><br>Counterclaimant,<br><br>vs.<br><br>OLD T.B.R., INCORPORATED, f/k/a/ THE BILLING RESOURCE, dba INTEGRETEL,<br><br>Counterdefendant. | |

1

On May 30, 2012, Kerry Krisher, the plaintiff/counterdefendant liquidating trustee of the debtor Old T.B.R., Incorporated (respectively "Trustee" and "Debtor"), filed a motion to exclude nine individuals (collectively the "Witnesses") from testifying at the trial of this adversary proceeding because defendant/counterclaimant, The Billing Resource, LLC ("New TBR") did not timely disclose the Witnesses in accordance with Fed. R. Civ. P. 26. Trustee asserts that New TBR first identified the Witnesses just two weeks prior to trial, when New TBR included their names on New TBR's Trial Witness List filed May 14, 2012. New TBR opposes the motion, arguing that six of the nine Witnesses are no surprise to Trustee and the remaining three are simply rebuttal witnesses. For the following reasons, the Court denies the motion to exclude the Witnesses' testimony but grants alternative sanctions.

Fed. R. Civ. P. 26(a) requires that, early in the life of a case, parties must disclose the name of "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. . . ." Parties also have a duty to supplement or correct those initial disclosures whenever "the party learns that in some material respect the disclosure ... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

If a party fails to disclose a witness, either initially or by way of supplement, Rule 37(c)(1) further provides that the non-disclosing party is not allowed to use that witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. The Ninth Circuit has recognized that, under Rule 37, the exclusionary sanction is automatic and that the party facing sanctions has the burden of showing that the non-disclosure was either substantially justified or harmless. *Yeti by Molly Ltds. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Nevertheless, the trial court retains broad discretion in imposing sanctions. *Id.* Under Rule 37(c), the court may impose a different sanction in addition to, or instead of, excluding the evidence.

Here, there is no dispute that New TBR did not identify any of the Witnesses in its initial Rule 26 disclosures, nor did New TBR ever supplement those disclosures. Further, New TBR did not identify any of the Witnesses in its initial responses to Trustee's interrogatories, nor were any supplemental

2

DECISION AND ORDER ON MOTION TO EXCLUDE WITNESSES

Case: 09-05074   Doc# 266   Filed: 06/29/12   Entered: 07/05/12 14:11:38   Page 2 of 11

responses ever provided. New TBR argues, however, that six of the Witnesses were either disclosed or clearly identified during the course of this litigation through filed declarations and other documents. The remaining three, though undisclosed prior to May 14, 2012, are rebuttal witnesses. Moreover, New TBR states that it is willing to allow the Trustee to depose each of the Witnesses. Trustee does not deny that the names of six of the nine witnesses may have surfaced in various ways during the course of pretrial discovery and motion practice. Nevertheless, Trustee replies that the point of Rule 26 disclosures is to determine who the parties will rely upon to support their case to avoid the burden and expense of obtaining discovery from every possible witness. Further, Trustee asserts that characterizing a witness as a rebuttal witness does not excuse disclosure where the testimony could have been reasonably anticipated.

The plain language of Rule 26(e), quoted above, specifically contemplates that a party's disclosures need not be supplemented, if a witness' identity otherwise becomes known during the discovery process. However, the mere mention of an individual's name during discovery cannot be enough, otherwise, the Rule 26 disclosure requirements would be rendered meaningless. As one court has reasoned, "the mere mention of a name in a deposition is insufficient to give notice to the opposing party that defendants intend to present that person at trial. To suggest otherwise flies in the face of the requirements of Rule 26(a) and (e)." *Ollier v. Sweetwwater Union High School Ditst.*, 267 F.R.D. 339, 343 (S.D. Cal. 2010)(Lorenz, J.). By contrast, a court in this district recently allowed a party to use testimony from a witness that was not included in Rule 26 disclosures because that witness had submitted declarations in support of non-disclosing party's motion for summary judgment and in opposition to a cross-motion for summary judgment. The witness had also appeared at a mediation on behalf of the non-disclosing party. *Starnet Int'l AMC, Inc v. Kafash*, 2011 WL 207987 at * 2-3 (Jan. 21, 2011)(Koh, J.). The court in *Starnet* further explained that the objecting party could have objected to the use of the undisclosed witness' testimony at the summary judgment phase, but did not. Under all those circumstances, the court concluded that the the witness' identity and relation to the case was sufficiently known to the objecting party. *Id.* In another case, the Ninth Circuit affirmed a trial court's decision to deny a motion to exclude plaintiff's evidence of its computation of damages. Although the calculation was not formally disclosed, the Ninth Circuit concluded that the district court acted within its discretion

3

DECISION AND ORDER ON MOTION TO EXCLUDE WITNESSES
Case: 09-05074    Doc# 266    Filed: 06/29/12    Entered: 07/05/12 14:11:38    Page 3 of 11

in finding that plaintiff's inclusion of its damage calculation in a mediation statement had adequately notified defendant of the methodology underlying the claimed damages. *Aspect Sys. v. Lam Research Corp.*, 2010 WL 4683874, at *7-9 (9th Cir. Nov. 19, 2010). What these cases make apparent, is that the party who wants to use the "undisclosed" information must have fairly and affirmatively indicated in some manner that it may rely on a specific witness or piece of evidence for purposes of its case. Awareness that an individual has or may have knowledge relevant to a case is not enough. The Court will apply that standard to the case at hand and will discuss separately the facts surrounding the disclosure of each Witness, grouping Witnesses together where similar facts control.

**Steven Cannon and Michael Smith**: On January 5, 2010, New TBR filed a Disclosure of Expert Witnesses which listed Mr. Cannon (spelled Canon in the Expert Disclosure) and Mr. Smith as individuals that New TBR intends to call during trial to provide expert testimony. The disclosure identified Mr. Cannon as an original founder of Old TBR and a person who worked on the transition of the operating assets between Old TBR and New TBR. It stated that Mr. Cannon would testify concerning "the transition, the cloning of the operating platforms and industry practices." The Expert Disclosure further described Mr. Cannon as "intimately familiar with" billing processes, methods used to calculate dilution and the customs and practices of the LEC billing industry, but did not indicate that Mr. Cannon would testify on those topics. New TBR now seeks testimony from Mr. Cannon regarding LEC billing and client settlement practices.

With respect to Mr. Smith, New TBR stated that he would testify concerning matter relating to the contracts between the parties, costs to reproduce and clone operating systems, LEC billing, dilution and matter related to the ordinary course of a local exchange billing business. New TBR now seeks testimony from Mr. Smith on all of the indicated topics plus on matters concerning the negotiations and representation of the Debtor at the time of sale.

New TBR did not provide an expert report or a summary of facts and opinions to which Mr. Cannon or Mr. Smith were expected to testify as Rule 26(a)(2) requires with respect to expert disclosures. Trustee never requested a deposition of either Mr. Cannon or Mr. Smith during the discovery phase of this litigation.

Based on these facts, New TBR contends that Mr. Cannon and Mr. Smith were adequately disclosed as potential witnesses even before discovery closed. The Court finds this argument unpersuasive. Although New TBR disclosed, in January 2010, that it intended to seek expert testimony from these individuals, over the course of more than two years, New TBR has never supplied the summary of facts and opinions to which New TBR expects them to testify as experts. As a result, the expert disclosures required by Rule 26 were incomplete, and Trustee was entitled to rely on that lack of compliance to assume that these Witnesses would not be called to give expert testimony. Further, there is no evidence that either Mr. Cannon or Mr. Smith were formally disclosed as potential lay witnesses. Other than the expert disclosure, New TBR points to no fact that would have fairly indicated to Trustee, prior to May 14, 2012, that New TBR would rely on either of these witnesses for purposes of New TBR's case. As a result, it cannot be said that the Trustee otherwise learned through the course of discovery that either Mr. Cannon or Mr. Smith were individuals that New TBR might use to support its claims or defenses.

**Chris Parlove**: New TBR identifies Mr. Parlove as a former employee of Debtor and Debtor's former subsidiary, PaymentOne Corporation. New TBR wants Mr. Parlove to testify regarding "Debtor's LEC billing and client settlement practices and related subjects." New TBR contends that Trustee knew of Mr. Parlove as early as June 15, 2010, when one of the Trustee's own witnesses, at deposition, described Mr. Parlove as one of two people knowledgeable about a particular schedule to the contract between the parties that describes the allocation methodologies concerning dilution that are at issue. Additionally, Nelson Gross, one of New TBR's witnesses, in a declaration submitted in opposition to Trustee's motion for summary judgment, stated that Mr. Parlove, together with another man, had prepared a written projection of the amount of money that should be placed in a disbursement reserve under the terms of the parties' contract. These two brief references by other witnesses to Mr. Parlove fall short of establishing that Mr. Parlove otherwise became known to Trustee within the meaning of Rule 26(e). Unlike the undisclosed witness in *Starnet*, New TBR has never relied on a declaration of Mr. Parlove in support of or in opposition to a motion for summary judgment or any other motion for that matter. While Trustee no doubt was aware of Mr. Parlove – Mr. Parlove apparently did some work on

5

DECISION AND ORDER ON MOTION TO EXCLUDE WITNESSES
Case: 09-05074    Doc# 266    Filed: 06/29/12    Entered: 07/05/12 14:11:38    Page 5 of 11

behalf of the estate – nothing in the record suggests that, prior to May 14, 2012, Trustee was fairly on notice that New TBR intended to, or even might, rely on Mr. Parlove to testify at trial in support of New TBR's claims or defenses. Under Rule 26 and the case law discussed above, that is the determinative factor.

**Kathy Partida** and **Jennifer Truitt**: Ms. Partida is a New TBR employee and a former employee of Debtor. Ms. Truitt is an independent consultant, who formerly was an employee of Debtor and of Debtor's subsidiary, PaymentOne. New TBR would like both women to testify regarding Debtor's LEC settlement and client billing practices. Ms. Partida would also testify about New TBR's LEC settlement and client billing practices, accounting and related subjects. Ms. Truitt would further testify about the ordinary course of business in the LEC billing industry and related topics.

New TBR contends that Ms Partida both became known to Trustee through a declaration that Ms. Partida provided in opposition to a PaymentOne's motion for summary adjudication in a separate adversary proceeding that PaymentOne filed against New TBR. Although New TBR seems to suggest that Ms. Truitt submitted a declaration in this instant adversary proceeding, the docket reflects that Ms. Truitt's declaration was also filed in PaymentOne's adversary proceeding against New TBR. New TBR argues that the key point is that Trustee knew of Ms. Truitt's and Ms. Partida's experience on subject matters that are at issue in this trial, but chose not to depose them. New TBR asserts that Trustee recently refused to stipulate to the amounts in issue in this litigation and has insisted that New TBR must prove all the amounts due under the contract. However, Trustee inconsistently objects to New TBR's use of Ms. Partida and Ms. Truitt to establish the amounts due.

As an initial matter, the Court is not persuaded that the submission of an individual's declaration in a separate adversary proceeding is enough to provide fair notice that New TBR might rely on that witness to testify in the instant adversary proceeding. While the Court recognizes that the two adversary proceedings are related and that Trustee likely was aware of Ms. Partida, Ms. Truitt and their declarations, it was not until May 14, 2012 that New TBR gave any indication that it might rely on their testimony in this adversary proceeding. Unlike *Starnet*, where the court noted that the objecting party had not pursued an earlier opportunity to object to use of the undisclosed witness' testimony on summary

judgment, here, Trustee was not a party to the separate adversary proceeding between New TBR and PaymentOne. Trustee had no similar opportunity to object to New TBR's use of Ms. Partida's and Ms. Truitt's declarations in support of the earlier motions in that other adversary proceeding. Moreover, the subjects discussed in the declarations – toll free numbers and amounts due between PaymentOne and New TBR – do not appear to be at issue in this trial. The Court notes that even in *Starnet*, where the district court allowed an undisclosed witness to testify, the Court limited the scope of testimony to subjects addressed in the declaration. *Starnet*, 2011 WL 207987, at *4.

**William Lewis**: Mr. Lewis is a principal of the law firm that represented New TBR in negotiating the acquisition of Debtor's operating assets. New TBR wants Mr. Lewis to testify regarding "the purchase and related subjects." New TBR contends that Mr. Lewis was otherwise disclosed because New TBR noted in its brief in support of summary judgment that Mr. Lewis, along with David Caplan, Esq., represented New TBR at a meeting in October 2008 where the parties reached a resolution of their differences that would allow the sale to go forward. Because Trustee's counsel also attended the meeting, New TBR contends that Trustee was and is fully aware that Mr. Lewis has knowledge related to both the contract provisions in dispute and New TBR's entitlement to fees and payments that New TBR seeks under the contract. As the Court has already explained, Trustee's awareness that an individual has, or may have, knowledge relevant to this case is not enough to establish, under Rule 26(e), that no supplemental disclosure was needed. There must be some evidence to demonstrate that New TBR fairly and affirmatively indicated in some manner that it might rely on Mr. Lewis to testify on behalf of New TBR. A single mention of Mr. Lewis' name in a legal brief is not sufficient.

**Donna Mock, John Gibbons** and **Steven Rosenthal**: Ms. Mock is the head of New TBR's client settlement department, Mr. Gibbons is the head of New TBR's information technology department and Mr. Rosenthal is a former officer of several billing and collection businesses. Like several other proposed Witnesses, Ms. Mock is to testify regarding New TBR's LEC billing, client settlement practices, accounting and related subjects. Mr. Gibbons is to provide technical information regarding those same

7

DECISION AND ORDER ON MOTION TO EXCLUDE WITNESSES

Case: 09-05074  Doc# 266  Filed: 06/29/12  Entered: 07/05/12 14:11:38  Page 7 of 11

subject areas. Mr. Rosenthal would testify regarding usage of trade and general practices in the LEC billing industry.

Trustee contends that the names of these witnesses have never surfaced during the course of this litigation and were completely unknown to Trustee until New TBR filed its Trial Witness List on May 14, 2012. New TBR does not disagree. New TBR states, however, that these three witnesses are listed for rebuttal purposes only and that the need for their testimony did not arise until June 2011, well into the summary judgment stage of this litigation, when Trustee argued that Debtor had a general practice of paying its customers in advance of receiving payment from the local exchange carriers and that this practice had an effect on whether accelerated dilutions created a windfall for Debtor. Therefore, New TBR argues, the need for the testimony of the three rebuttal witnesses was not foreseeable and their testimony should be allowed to rebut factual arguments raised in Trustee's summary judgment briefs.

Under Rule 26(a), disclosure of a witness is only excused if the use of the witness is solely for impeachment. Here, while New TBR asserts that these last three witnesses will be limited to rebuttal, New TBR does not contend that they will be used solely for impeachment. As a result, the disclosure requirements of Rule 26 apply. Rule 26(e) provides that parties must supplement their disclosures "in a timely manner" if the party learns that the disclosure is incomplete in some material respect. Even if Trustee first made its new argument in a summary judgment brief, New TBR concedes that the brief was submitted in June 2011, nearly a year before the list of trial witnesses was due. It cannot be said that New TBR acted in a timely manner by waiting nearly a year after it learned of Trustee's argument to disclose these rebuttal witnesses.

For all the reasons explained above, the Court concludes that New TBR violated its Rule 26 disclosure obligations by waiting until May 14, 2012 to disclose each of the nine Witnesses in issue. The remaining question is whether the nondisclosure was either substantially justified or harmless within the meaning of Rule 37( c).

New TBR urges that any nondisclosure was harmless due to Trustee's awareness of the Witnesses. However, as explained above, Trustee was not aware that New TBR would rely on the Witnesses at trial and planned for trial accordingly. Trustee asserts that the ability to depose the Witnesses at this late juncture does not cure the harm because the additional discovery would be a

8

DECISION AND ORDER ON MOTION TO EXCLUDE WITNESSES

Case: 09-05074  Doc# 266  Filed: 06/29/12  Entered: 07/05/12 14:11:38  Page 8 of 11

significant additional expense and will further delay administration of the estate. Trustee notes that it is not just a matter of deposing the Witnesses. Because Trustee's expert, Ian Ratner, prepared his expert report without knowledge of the Witnesses or the Witnesses' testimony, the expert may need to re-analyze his findings to incorporate any new evidence. This could necessitate a new expert report and a supplemental deposition of Mr. Ratner.

The Court agrees with Trustee that disclosure of witnesses just two weeks prior to trial cannot be characterized as harmless. Discovery closed two years ago and the Court's ruling on the cross-motions for summary judgment was issued well over six months ago. Trustee determined whether to file motions *in limine* and otherwise prepared for trial without knowledge that New TBR intended to call the Witnesses. Even if the Court allows depositions of each Witness, the attendant delay, disruption of schedules and additional costs that will be incurred constitute harm.

The Court also is unconvinced that the delay was substantially justified. With the exception of the three rebuttal witnesses, New TBR does not argue that it was impossible to disclose the Witnesses earlier. New TBR argues only that Trustee already knew of the Witnesses. For the reasons set forth above, even if the Trustee was aware that the Witnesses might have relevant information, that did not obviate New TBR's disclosure requirements. Even with respect to the three rebuttal witnesses, New TBR offers no convincing explanation why their identities could not have been disclosed well in advance of May 14, 2012.

Despite New TBR's failure to comply with its Rule 26 disclosure obligations, the Court retains the discretion to allow the Witnesses to testify. *See e.g., Pineda v. City and County of San Francisco*, __ F.R.D. __, 2012 WL 822259 (N.D. Cal. Mar. 9, 2012)(Armstrong, J.)(permitting witnesses to testify despite violation of Rule 26 and imposing alternative sanctions). In light of the Trustee's general awareness of many of the Witnesses, the extreme harshness of an exclusionary sanction, and the benefits of permitting the parties to fully try this case on its merits, the Court will allow the Witnesses to testify under the following conditions:

1. If New TBR intends to elicit expert opinions from any of the Witnesses, New TBR must fully comply with the disclosure requirements of Rule 26(a)(2), including the appropriate report or summary of opinions and facts supporting those opinions, within 15 days of this Order.

9

DECISION AND ORDER ON MOTION TO EXCLUDE WITNESSES

2. Within 10 days of this Order, New TBR must also identify any of the Witnesses that it no longer intends to call as a witness at trial. The Court encourages New TBR to review its list to avoid duplicative or unnecessary testimony.

3. For any of the nine Witness(es) remaining on New TBR's list of potential trial witnesses, New TBR, in addition to paying its own expenses, shall pay all the following expenses of Trustee:

    A. Trustee's attorneys' fees for one attorney to prepare for the deposition of any Witness that may testify, based on actual fees incurred, but limited to a maximum of two hours of preparation time for each Witness;

    B. Trustee's attorney's fees for one attorney to attend/take the deposition of any Witness that may testify, based on actual fees incurred, but limited to a maximum of seven hours of time for each Witness;

    C. Coach airfare and hotel expenses incurred by one attorney for Trustee if travel is necessary to depose any Witness that will testify. Chargeable hotel expenses will be limited to the room charge plus applicable taxes and will not include meals or other items whether charged to the room or to a separate account. If more than one Witness resides in one location and travel is necessary to depose those Witnesses, the depositions shall be scheduled in one trip to avoid unnecessary airfare charges.

    D. One half (50%) of any fee that Mr. Ratner charges to Trustee to update Mr. Ratner's expert report, and 100 percent (100%) of Mr. Ratner's fee if he sits for a supplemental deposition by counsel for New TBR;

    E. Trustee's attorneys' fees for one attorney to prepare for the deposition of Mr. Ratner, based on actual fees incurred, but limited to a maximum of two hours of preparation time; and

    F. Trustee's attorney's fees for one attorney to attend/take the deposition of Mr. Ratner, based on actual fees incurred, but limited to a maximum of seven hours of time.

4. Within seven days of any and each event listed in Paragraph 3, counsel for Trustee shall submit to counsel for New TBR an itemized statement of account, with supporting receipts, of the expenses incurred. New TBR shall pay each statement of account, in full, within five business days of

10

DECISION AND ORDER ON MOTION TO EXCLUDE WITNESSES
Case: 09-05074   Doc# 266   Filed: 06/29/12   Entered: 07/05/12 14:11:38   Page 10 of 11

counsel's receipt of Trustee's statement. New TBR shall not withhold any payments for Trustee's bills, unless there is a prior written agreement amount counsel for the parties. If New TBR is of the opinion that it has been overcharged, then New TBR shall pay the disputed sums as ordered and, if the matter cannot be resolved among counsel for the parties, file an appropriate motion on ordinary time.

Good cause appearing, IT IS SO ORDERED.

Dated: June 29, 2012

Arthur S. Weissbrodt
United Stated Bankruptcy Judge

Case: 09-05074    Doc# 266    Filed: 06/29/12    Entered: 07/05/12 14:11:38    Page 11 of 11